## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

      Plaintiff,

                  v.                             CIVIL ACTION NO. 14-0847

                                           (Bianco, J.)
                                         (Locke, M.J.)

NEDJET YETIM,
RACHELANN YETIM,
BLACK REALTY, INC.,
HEMPSTEAD GASOLINE STATION, INC.,
FAST GASOLINE STATION, INC.
ELMONT GASOLINE CO. INC.,
102 ELMONT REALTY CORP.,
TAG GASOLINE, INC.,
TARGET PETROLEUM, INC.,
LIBERTY PETROLEUM – RGV PETROLEUM, INC.,
ASLI & GIZEM REALTY CORP.,
NGRV REALTY CO., INC.,
VENUS BUKEY REALTY, INC.,
S&B PETROLEUM, INC.,
GIZEM REALTY CORP.,
T-MAXX @ PETRO GAS, INC., and
PDE ISLAND PARK, INC.,

      Defendants.

-------------------------------------------------------------------X

## CONSENT JUDGMENT WITH RACHELANN YETIM,
## BLACK REALTY INC., FAST GASOLINE STATION, INC., TAG GASOLINE, INC.,
## NGRV REALTY CO., INC. AND VENUS BUKEY REALTY, INC.

## TABLE OF CONTENTS

I.  JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4
II.  APPLICABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
III.  DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
IV.  CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
V.  COMPLIANCE REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
VI.  REPORTING REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
VII.  STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
VIII.  FORCE MAJEURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19
IX.  DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21
X.  INFORMATION COLLECTION AND RETENTION . . . . . . . . . . . . . . . . . . . . . .  24
XI.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . .  27
XII.  COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28
XIII.  NOTICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29
XIV.  EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30
XV.  RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30
XVI.  MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30
XVII.  TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31
XVIII.  PUBLIC PARTICIPATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32
XIX.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32
XX.  INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33
XXI.  FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33
XXII.  APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

<u>**CONSENT JUDGMENT WITH RACHELANN YETIM DEFENDANTS**</u>

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action against seventeen companies and individuals including Defendants Rachelann Yetim, Black Realty, Inc. ("Black Realty"), Fast Gasoline Station, Inc. ("Fast Gasoline"), TAG Gasoline, Inc. ("TAG Gasoline"), NGRV Realty Co., Inc. ("NGRV Realty"), and Venus Bukey Realty, Inc. ("Venus Bukey") (these six defendants hereinafter collectively referred to as "Defendants" or "Rachelann Yetim Defendants") to obtain injunctive relief and assessment of civil penalties for violations of the Solid Waste Disposal Act, as amended  (commonly referred to as the Resource Conservation and Recovery Act), 42 U.S.C. Section 6991 *et seq.* (hereinafter the "Act" or "RCRA") and the federal underground storage tank regulations codified in Part 280 of Title 40 of the Code of Federal Regulations ("C.F.R."), regarding "underground storage tanks" or "USTs" and "UST systems" that have been or are owned and/or operated by the Defendants at three different locations in New York State.

A.    The Complaint alleges that Defendants at the Facilities have failed to satisfy numerous requirements mandated by Subtitle I of RCRA or 40 C.F.R. Part 280 including failure to: (1) provide cathodic protection for existing metal piping; (2) provide adequate release detection methods for tanks that routinely carry product; (3) provide methods of release detection for pressurized piping systems; (4) annually test automatic line leak detectors ("ALLDs") for underground piping; (5) maintain records of release detection; (6) comply with temporary closure requirements; (7) install adequate overfill protection in a new and existing tanks; and (8) respond to requests for information.

B.      Defendants admit that they own and operate (or have at relevant times owned or operated) UST systems at the facilities that are the subject of the Complaint and the Consent Judgment in this action.

C.      Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

D.      The United States has reviewed the financial information submitted by the Rachelann Yetim Defendants to determine whether they are financially able to pay the civil penalty due to the United States.  Based upon this financial information, the United States has determined that the Rachelann Yetim Defendants have limited financial ability to pay the civil penalty, and the Rachelann Yetim Defendants are therefore paying a reduced civil penalty due to their limited financial ability.

E.      The Parties recognize, and the Court by entering this Consent Judgment between the United States and the Rachelann Yetim Defendants  finds, that this Consent Judgment has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Judgment is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.      <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over the subject matter of this action pursuant to
 28 U.S.C. §§ 1331, 1345, 1355, and Section 9006(a)(1) of RCRA, 42 U.S.C. § 6991e(a)(1), and over the Parties.

2.      Venue is proper in this judicial district pursuant to Section 9006(a) of RCRA, 42 U.S.C. § 6991e(a), and 28 U.S.C. §§ 1391 and 1395 because the violations occurred within this district and/or the defendants reside in this district.

3.      For purposes of this Consent Judgment, or any action to enforce this Consent Judgment, Defendants consent to the Court's jurisdiction over this Judgment and over any such action and over Defendants, and consent to venue in this judicial district.

4.      For purposes of this Consent Judgment, Defendants agree that the Complaint states claims upon which relief may be granted pursuant to Section 9006 of RCRA 42 U.S.C. § 6991e.

## II.    APPLICABILITY

5.      The obligations of this Consent Judgment apply to and are binding upon the United States, and upon Defendants, and any successors, successor affiliates, subsidiaries, assigns, or other entities or persons otherwise bound by law.

6.      No transfer of ownership or operation of the Facilities, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendants of their obligation to ensure that the terms of the Judgment are implemented.  Any transfer of ownership or operation of any Facility or its USTs subject to this Consent Judgment, as identified in Appendix A, to any other person or entity must be conditioned upon the transferee's agreement to undertake the obligations required by this Consent Judgment, as provided in a written agreement signed by EPA, Defendants and the proposed transferee. At least 30 Days prior to such transfer, Defendants shall provide a copy of this Consent Judgment to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the

proposed written agreement, to EPA Region 2, the United States Attorney for the Eastern District of New York, and the United States Department of Justice, in accordance with Section XIII (Notices).  The United States may refuse to approve the substitution of the proposed transferee for a Defendant if it determines that the proposed transferee does not possess the requisite technical abilities or financial means to undertake the obligations required by this Consent Judgment.  The United States' decision to refuse to approve the substitution of the proposed transferee for a Defendant shall not be subject to judicial review. Any attempt to transfer ownership or operation of any Facility without complying with this Paragraph constitutes a violation of this Consent Judgment.  This Paragraph does not apply in the context of an involuntary transfer or an involuntary change of ownership or operation of a Facility but Defendants are nonetheless required to provide notice to the EPA of any such transfer.

7.      Defendants shall provide a copy of this Consent Judgment to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Judgment, as well as to any contractor and subcontractor retained to perform work required under this Consent Judgment. Defendants shall condition any such contract upon performance of the work in conformity with the terms of this Consent Judgment.

8.      In any action to enforce this Consent Judgment, Defendants shall not raise as a defense the failure by any of their officers, directors, employees, agents, lessees, sublessees, or contractors to take any actions necessary to comply with the provisions of this Consent Judgment.

### III.  <u>DEFINITIONS</u>

9.      Terms used in this Consent Judgment that are defined in the Act or in its

implementing regulations shall have the meanings assigned to them in the Act or such

regulations, unless otherwise provided in this Consent Judgment. Whenever the terms set forth

below are used in this Consent Judgment, the following definitions shall apply:

a.      "Complaint" shall mean the complaint filed on February 7, 2014 by the United

States in this action in the Eastern District of New York (CV 14-0847);

b.      "Consent Judgment" or "Judgment" shall mean this Judgment and any appendices

attached hereto;

c.      "Date of Lodging" shall mean the date on which the notice of the lodging of this

Judgment is filed with the Court, as recorded on the Court's docket;

d.      "Day" shall mean calendar day unless expressly stated to be a business day. In

computing any period of time under this Consent Judgment, where the last day would fall on a

Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next

business day;

e.      "Defendants" or "Rachelann Yetim Defendants" shall mean Rachelann Yetim,

Black Realty, Inc., Fast Gasoline Station, Inc., TAG Gasoline, Inc., NGRV Realty Co., Inc., and

Venus Bukey Realty, Inc., as named in the Complaint;

f.      "EPA" shall mean the United States Environmental Protection Agency and any of

its successor departments or agencies;

g.      "Effective Date" shall have the definition provided in Section XIV (Effective

Date);

h.      "Facility" or "Facilities" shall mean the retail gasoline service stations and/or petroleum bulk storage stations, individually or collectively, that contain or at one time did contain Underground Storage Tanks owned and/or operated by Defendants and located in the Eastern District of New York, as identified with more specificity in Appendix A, attached hereto;

i.      "Interest" shall mean interest at the rate specified in 28 U.S.C. § 1961;

j.      "Owner" is defined in section 9001(3) of RCRA, 42 U.S.C. § 6991(3) as,

(A)      in the case of an underground storage tank in use on November 8, 1984, or brought into use after that date, any person who owns an underground storage tank used for the storage, use, or dispensing of regulated substances, and

(B)      in the case of any underground storage tank in use before November 8, 1984, but no longer in use on November 8, 1984, any person who owned such tank immediately before the discontinuation of its use.

k.      "Operator" shall mean, any person in control of, or having responsibility for, the daily operation of the underground storage tank as defined in section 9001(4) of RCRA, 42 U.S.C. § 6991(4);

l.      "Paragraph" shall mean a portion of this Consent Judgment identified by an Arabic numeral;

m.      "Parties" shall mean the United States and Defendants;

n.      "Section" shall mean a portion of this Consent Judgment identified by a roman numeral;

o.      "Underground Storage Tank system" shall mean an underground storage tank, connected underground piping, underground ancillary equipment, and containment system, if any, as defined in 40 C.F.R. Subpart A, § 280.12.

p.      "United States" shall mean the United States of America, acting on behalf of the

EPA.

### IV.    <u>CIVIL PENALTY</u>

10.     Within 30 Days after the Effective Date, Defendants shall pay the sum of $60,000

as a civil penalty, together with Interest accruing from the date on which the Consent Judgment

is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the Date of Lodging, in

accordance with the provisions of paragraph 11.

11.     Payment shall be made in accordance with the instructions provided by the United

State Attorney's office for the Eastern District of New York at the time of entry of this Consent

Judgment.  At the time of the payment, Defendants shall simultaneously send written notice of

payment and a copy of any transmittal documentation (which should reference DOJ case number

2013V00237 and the civil action number of this case, CV 14-0847) to the United States at the

address provided in Section XIII of this Consent Judgment (Notices); by email to

acctsreceivable.CINWD@epa.gov; and by mail to:

> EPA Cincinnati Finance Office
> 26 West Martin Luther King Drive
> Cincinnati, OH 45268
> Attention: Finance, Mail Code: NWD

The letter shall state that the payment is for the civil penalty owed pursuant to the Consent

Judgment in <u>United States v. Yetim, et al.</u>, and shall reference the civil action number, CV 14-

0847, and the DOJ case number, 2013V00237.

12.     Defendants shall not deduct any penalties paid under this Consent Judgment

pursuant to this Section or Section VII (Stipulated Penalties) in calculating their federal income

tax.

## V.   <u>COMPLIANCE REQUIREMENTS</u>

13.     Defendants shall comply with all provisions of Sections 9001-9010 of the Act, 42 U.S.C. §§ 6991- 6991m, and its implementing regulations, 40 C.F.R. Part 280, including but not limited to the requirements, the violations of which are set forth in Recital A to this Consent Judgment *supra*, all of which are applicable to all of the federally regulated USTs at their Facilities, including any UST newly installed, brought into use or discovered at one of the Facilities listed in Appendix A.  If an UST system that comes to be owned or operated by Defendants at any facility other than those Facilities listed on Appendix A, is newly installed, brought into use, or discovered, such additional facility shall be deemed included in the Facilities listed in Appendix A and, as such, the requirements of this Consent Judgment shall be applicable to such facility. In the event that an UST system at any Facility is newly installed, brought into use, or discovered, Defendants shall notify the United States in writing, as set forth herein and in Paragraphs 22 and 68. Such notification shall not be a defense to failure by Defendants to comply with the applicable requirements.

14.     This Consent Judgment in no way affects Defendants' responsibility to comply with all applicable federal, state, and /or local laws, regulations, and/or permits at all times. Compliance with this Consent Judgment shall not constitute a defense to any action pursuant to said laws, regulations, or permits.

15.     Until this Consent Judgment is terminated, the Defendants shall not allow Nedjet Yetim to participate in the ownership or operation of any of the UST systems at any of the Facilities or of any other UST system they own or operate in the future.

16.     <u>Approval of Deliverables</u>. After review of any plan, report, or other item that is required to be submitted pursuant to this Consent Judgment, EPA shall in writing:

a)  approve the submittal;

b)  approve the submittal upon specified conditions;

c)  approve part of the submittal and disapprove the remainder; or

d)  disapprove the submittal.

17.     If the submittal is approved pursuant to Paragraph 16 a., Defendants shall take all actions required by the plan, report, or other document, in accordance with the schedules and requirements of the plan, report, or other documents, as approved. If the submittal is conditionally approved or approved only in part, pursuant to Paragraph 16 b. or c., Defendants shall, upon written direction from EPA, take all actions required by the approved plan or report. If EPA determines that approved portion(s) of the submittal are technically severable from any disapproved portions, Defendants shall, upon written direction from EPA, take all actions required by the approved portion(s).  Defendants may dispute only the specified conditions or the disapproved portions, under Section IX (Dispute Resolution).

18.     If the submittal is disapproved in whole or in part pursuant to Paragraph 16 c. or d, Defendants shall, within 45 Days or such other time as the Parties agree to in writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved portion thereof, for approval, in accordance with the preceding Paragraphs. If the resubmittal is approved in whole or in part, Defendants shall proceed in accordance with the requirements of the preceding Paragraph.

19.     Any stipulated penalties applicable to the original submittal, as provided in Section VII (Stipulated Penalties), shall accrue during the 45-Day period or other specified period, but shall not be payable unless the resubmittal is provided untimely or is disapproved in whole or in part; provided that, if EPA determines that the original submittal was so deficient as to constitute a material breach of Defendants' obligations under this Consent Judgment, EPA shall notify Defendants of that determination and the stipulated penalties applicable to the original submittal shall be due and payable notwithstanding any subsequent resubmittal.

20.     If a resubmitted plan, report, or other item, or portion thereof, is disapproved in whole or in part, EPA may again require Defendants to correct any deficiencies, in accordance with the preceding Paragraphs, or may itself correct any deficiencies, subject to Defendants' right to invoke Dispute Resolution and the right of EPA to seek stipulated penalties, as provided in the preceding Paragraphs and in Section VII (Stipulated Penalties).

21.     Permits. If any compliance obligation under this Section requires Defendants to obtain a federal, state, or local permit or approval, Defendants shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals. If Defendants have submitted timely and complete applications and have taken all other actions necessary to obtain all such permits or approvals, Defendants may seek relief under the provisions of Section VIII (Force Majeure) for any delay in the performance of any such obligation resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such obligation.

## VI.    <u>REPORTING REQUIREMENTS</u>

22.    Defendants shall submit the following reports in hard copy or by electronic format to the United States and the EPA:

a.    Within 24 hours of discovery of a suspected or confirmed release of petroleum, petroleum-based substances or other regulated substances, a record that timely notification has been provided to the New York State Department of Environmental Conservation Spill Hotline (1-800-457-7362) of suspected and/or confirmed releases at Defendants' facilities, and a record of the NYSDEC Spill number that New York State officials assigned to the matter.

b.    Within 90 days after the Effective Date of this Consent Judgment, Defendants shall submit a report for the preceding 90-day period that shall: 1) describe problems encountered or anticipated, together with implemented or proposed solutions; 2) state the status of any permit applications relevant to the implementation of this Consent Judgment; 3) describe Defendants' progress in satisfying its obligations in connection with Section V (Compliance Requirements) including, at a minimum, a narrative description of activities undertaken and the status of any construction or compliance measures since the previous report; 4) set forth summaries of the data and records demonstrating compliance with release detection requirements for UST systems at the Facilities; 5) and inform the EPA of any new UST facilities acquired, any UST facilities sold, foreclosed, or otherwise relinquished, or any changes of service of the UST systems since last reporting period.

c.    Thereafter, within 10 days of every January 30 and July 30 until termination of this Consent Judgment pursuant to Section XVII (Termination), Defendants shall

13

submit a report for the preceding semi-annual period that shall include the same descriptive information set forth in paragraph 22(b).    Defendants shall submit the report set forth in this Section for a period of at least three years following the Effective Date of this Consent Judgment.

    d. If Defendants violate, or have reason to believe that they may violate, any requirement of this Consent Judgment, Defendants shall notify the United States of such violation and its likely duration, in writing, within ten (10) working days of the day Defendants first become aware of the violation, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If the cause of a violation cannot be fully explained at the time the report is due, Defendants shall so state in the report. Defendants shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within 30 Days of the day Defendants become aware of the cause of the violation. Nothing in this Paragraph or the following Paragraph relieves Defendants of their obligation to provide the notice required by Section VIII (Force Majeure).

  23. Whenever any violation of this Consent Judgment or any other event affecting Defendants' performance under this Judgment, or a condition arising at any Facility owned and/or operated by Defendants, may pose an immediate threat to the public health or welfare or the environment, Defendants shall notify EPA orally or by electronic transmission as soon as possible, but no later than twenty-four (24) hours after Defendants first knew of the violation or event. This procedure is in addition to the requirements set forth in the preceding Paragraph.

  24. All reports shall be submitted to the persons designated in Section XIII (Notices).

25.     Each report submitted by Defendants under this Section shall be signed by an

official of the submitting party and include the following certification:

> I certify under penalty of law that this document and all attachments were
> prepared under my direction or supervision in accordance with a system designed
> to assure that qualified personnel properly gather and evaluate the information
> submitted. Based on my inquiry of the person or persons who manage the system,
> or those persons directly responsible for gathering the information, the
> information submitted is, to the best of my knowledge and belief, true, accurate,
> and complete. I am aware that there are significant penalties for submitting false
> information, including the possibility of fine and imprisonment for knowing
> violations.

This certification requirement does not apply to emergency or similar notifications where

compliance would be impractical.

26.     The reporting requirements of this Consent Judgment do not relieve Defendants

of any reporting obligations that may concurrently be required by RCRA or its implementing

regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

27.     Any information provided pursuant to this Consent Judgment may be used by the

United States in any proceeding to enforce the provisions of this Consent Judgment and as

otherwise permitted by law.

## VII.   <u>STIPULATED PENALTIES</u>

28.     Defendants shall be liable for stipulated penalties to the United States for

violations of this Consent Judgment as specified below, unless excused under Section VIII

(Force Majeure). A violation includes failing to perform any obligation required by the terms of

this Judgment, including, but not limited to, the reporting requirements of this Judgment and the

requirements of any work plan or schedule approved under this Judgment, according to all

applicable requirements of this Judgment and within the specified time schedules established by or approved under this Judgment.

29.    Late Payment of Civil Penalty

If Defendants fail to pay the civil penalty required to be paid under Section IV of this Judgment (Civil Penalty) when due, Defendants shall pay a stipulated penalty of $2,000.00 per Day for each Day that the payment is late.

30.    Compliance Requirements

The following stipulated penalties shall accrue per violation per Day for each violation of the compliance requirements identified in Section V (Compliance Requirements):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $750.00 | 1st through 14th Day |
| $1,500.00 | 15th through 30th Day |
| $3,000.00 | 31st Day and beyond |

31.    Reporting Requirements.

The following stipulated penalties shall accrue per violation per Day for each violation of the reporting requirements of Paragraph 6 and Section VI (Reporting Requirements):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $750.00 | 1st through 14th Day |
| $1,500.00 | 15th through 30th Day |
| $3,000.00 | 31st Day and beyond |

32.    Stipulated Penalties under this Section shall begin to accrue on the day after performance is due or on the day a violation occurs, whichever is applicable, and shall continue

to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated

Penalties shall accrue simultaneously for separate violations of this Consent Judgment.

33.     Defendants shall pay any Stipulated Penalty within 30 days of receiving the

United States' written demand.

34.     The United States may, in the unreviewable exercise of its discretion, reduce or

waive stipulated penalties otherwise due it under this Consent Judgment.

35.     Stipulated Penalties shall continue to accrue as provided in Paragraph 32 during

any Dispute Resolution, with interest on accrued penalties payable and calculated at the rate

established by the Secretary of the Treasury, pursuant to 28 U.S.C. § 1961, but need not be paid

until the following:

a.     If the dispute is resolved by agreement or by a decision of the United States that is

not appealed to the Court, Defendants shall pay accrued penalties determined to be owing,

together with interest, to the United States within 30 days of the effective date of the agreement

or the receipt of the decision or order;

b.     If the dispute is appealed to the Court and the United States prevails in whole or

in part, Defendants shall pay all accrued penalties determined by the Court to be owing, together

with interest, within 60 days of receiving the Court's decision or order, except as provided in

Subparagraph c, below;

c.     If any Party appeals the District Court's decision, Defendants shall pay all

accrued penalties determined to be owing, together with interest, within 15 days of receiving the

final appellate court decision.

36.     Defendants shall pay stipulated penalties owing to the United States in the manner set forth in Paragraph 11, except that the transmittal letter shall state that the payment is for stipulated penalties and shall identify the violation(s) for which the stipulated penalties are being paid.

37.     If Defendants fail to pay Stipulated Penalties according to the terms of this Consent Judgment, Defendants shall be liable for Interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendants' failure to pay any stipulated penalties.

38.     Subject to the provisions of Section XI of this Consent Judgment (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Judgment shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendants' violation of this Consent Judgment or applicable law. Where a violation of this Consent Judgment is also a violation of the Act and its implementing regulations, Defendants shall be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for such violation.

## VIII.   FORCE MAJEURE

39.     "Force majeure" for purposes of this Consent Judgment, is defined as any event arising from causes beyond the control of Defendants, of any entity controlled by Defendants, or of Defendants' contractors that delays or prevents the performance of any obligation under this Consent Judgment despite Defendants' best efforts to fulfill the obligation. The requirement that Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate

any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible. "Force majeure" does not include a) Defendants' financial inability to perform any obligation under this Consent Judgment or, b) the failure of any lessee, sublessee, or assignee under a lease or sublease, any entity controlled by the lessee, sublessee, or assignee, or the lessee, sublessee, or assignee's contractors, to perform the obligations required under this Consent Judgment or the Act.

40.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Judgment, whether or not caused by a force majeure event, Defendants shall provide notice by electronic transmission to the United States and the EPA within 72 hours of when Defendants first knew that the event might cause a delay. Within seven days thereafter, Defendants shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendants' rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendants, such event may cause or contribute to an endangerment to public health, welfare or the environment. Defendants shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure.

41.     Failure to comply with the above requirements shall preclude Defendants from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Defendants shall be deemed to

know of any circumstance of which Defendants, any entity controlled by Defendants, or Defendants' contractors, knew or should have known.

42.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Judgment that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by force majeure event shall not, by itself, extend the time for performance of any other obligation. EPA will notify Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

43.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendants in writing of its decision.

44.     If Defendants elect to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), it shall do so no later than 15 Days after receipt of EPA's notice. In any such proceeding, Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendants complied with the requirements of Paragraphs 39 and 40.  If Defendants carry this burden, the delay at issue shall be deemed not to be a violation by Defendants of the affected obligation of this Consent Judgment identified to EPA and the Court.

## IX.    DISPUTE RESOLUTION

45.    Unless otherwise expressly provided for in this Consent Judgment, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Judgment.  Defendants' failure to seek resolution of a dispute under this Section shall preclude Defendants from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendants arising under this Judgment.

46.    Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Judgment shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendants send the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 30 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 5 Days after the conclusion of the informal negotiations period, Defendants invoke formal dispute resolution procedures as set forth below.

47.    Formal Dispute Resolution.  Defendants shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendants' position and any supporting documentation relied upon by Defendants.

48.     The United States shall serve its Statement of Position within 45 Days of receipt of Defendants' Statement of Position.   The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position shall be binding on Defendants, unless Defendants file a motion for judicial review of the dispute in accordance with the following Paragraph.

49.     Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIII (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within 15 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of Defendants' position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Judgment.

50.     The United States shall respond to Defendants' motion within the time period allowed by the Local Rules of this Court.  Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

51.     <u>Standard of Review</u>.

a.     <u>Disputes Concerning Matters Accorded Record Review</u>.  Except as otherwise provided in this Consent Judgment, in any dispute brought under Paragraph 46 that is accorded review on the administrative record under applicable principles of administrative law, Defendants shall have the burden of demonstrating, based on the administrative record, that the

position of the United States is arbitrary and capricious or otherwise not in accordance with the law.

b.      Other Disputes.  Except as provided in this Consent Judgment, in any other dispute brought under Paragraph 47 (Formal Dispute Resolution), Defendant shall bear the burden of demonstrating that its position complies with this Consent Judgment and applicable law.

52.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendants under this Consent Judgment, unless and until final resolution of the dispute so provides unless EPA agrees in writing otherwise.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 47.  If Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VIII (Stipulated Penalties).

## X.      INFORMATION COLLECTION AND RETENTION

53.     The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any Facility covered by this Consent Judgment, at all reasonable times, to:

a.      monitor the progress of activities required under this Judgment;

b.      verify any data or information submitted to the United States in accordance with the terms of this Judgment;

c.      obtain samples and, upon request, splits of any samples taken by Defendants or their representatives, contractors, or consultants;

       d.      obtain documentary evidence, including photographs and similar data; and

       e.      assess Defendants' compliance with this Judgment.

54.     Upon request, Defendants shall provide EPA, or its authorized representatives, splits of any samples taken by Defendants.  Upon request, EPA shall provide Defendants with splits of any samples taken by EPA.

55.     Until five years, or other longer applicable time period required by federal law or regulation, after the termination of this Consent Judgment, Defendants shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession, custody or control, or that come into its or its contractors possession, custody or control, and that relate in any manner to Defendants' performance of its obligations under this Judgment.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Defendants shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

56.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendants shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendants shall deliver any such documents, records, or other information to EPA.  Defendants may assert that certain documents, records, or other information, is privileged under the attorney-client privilege or any other privilege

recognized by federal law.  If Defendants assert such a privilege, they shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendants.

57.    No documents, records, or other information created or generated pursuant to the requirements of this Consent Judgment shall be withheld on grounds of privilege.  This shall include, but is not limited to, documents Defendants are required to provide to EPA pursuant to Section XIII (Notices).

58.    Defendants may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Defendants seek to protect as CBI, Defendants shall follow the procedures set forth in 40 C.F.R. Part 2.

59.    This Consent Judgment in no way limits or affects any right of entry an inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendants to maintain documents, records, or other information imposed by applicable federal or state laws, regulations or permits.

## XI.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

60.     Entry of this Consent Judgment shall resolve the civil claims of the United States for the violations alleged in the United States' Complaint against the Rachelann Yetim Defendants that occurred through the Date of Lodging of the Consent Judgment.

61.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Judgment, except as expressly stated in Paragraph 60.  This Consent Judgment shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal or state laws, regulations, or permit conditions, except as expressly specified in Paragraph 60.

62.     The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, any Facility owned and/or operated by Defendants, whether related to the violations addressed in this Consent Judgment or otherwise.

63.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Facilities or to Defendants' alleged violations, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 60.

64.     This Consent Judgment is not a permit or a modification of any permit issued under any federal, state, or local laws or regulations.  Defendants are responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendants' compliance with this Judgment shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.  The United States does not, by its consent to the entry of this Judgment, warrant or aver in any manner that Defendants' compliance with any aspect of this Judgment constitutes compliance with provisions of the Act, 40 C.F.R. Part 280, or with any other provisions of federal, state, or local laws, regulations or permits.

65.     This Consent Judgment does not limit or affect the rights of Defendants or of the United States against any third parties, not party to this Consent Judgment, nor does it limit the rights of third parties, not party to this Consent Judgment, against Defendants, except as otherwise provided by law.

66.     This Consent Judgment shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Judgment.

## XII.   COSTS

67.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendants, or to enforce the obligations of this Consent Judgment.

## XIII.   NOTICES

68.     Unless otherwise specified herein, whenever notifications, submissions, or

communications are required by this Consent Judgment, they shall be made in writing and

addressed as follows:

<u>As to the United States</u>:

*By email:*
eescasemanagement.enrd@usdoj.gov
Re: DJ # 2013V00237

*By mail:*
EES Case Management Unit
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 2013V00237

and

<u>As to EPA</u>:

UST Team Leader
U.S. Environmental Protection Agency
Region 2
290 Broadway
New York, New York 10007-1866


<u>To Defendants</u>:

Rachelann Yetim
35 Dakota Street
Deer Park, New York 11729

69.     Any Party may, by written notice to the other Parties, change its designated notice

recipient or notice address provided above.

70.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Judgment or by mutual agreement of the Parties in writing. Notices shall be sent by first class U.S. mail, certified or registered mail, by Federal Express or equivalent overnight service, and by e-mail.

## XIV.   EFFECTIVE DATE

71.     The Effective Date shall be the date upon which this Judgment is entered by the Court or a motion to enter the Judgment is granted, whichever occurs first, as recorded on the Court's docket.

## XV.    RETENTION OF JURISDICTION

72.     The Court shall retain jurisdiction over this case until termination of this Consent Judgment, for the purpose of resolving disputes arising under this Judgment or entering orders modifying this Judgment, pursuant to Sections IX (Dispute Resolution) and XVI (Modification), or effectuating or enforcing compliance with the terms of this Judgment.

## XVI.   MODIFICATION

73.     The terms of this Consent Judgment, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Judgment, it shall be effective only upon approval by the Court.

74.     Any disputes concerning modification of this Judgment shall be resolved pursuant to Section IX (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 51 (Standard of Review), the Party seeking the modification bears the

burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII.  **TERMINATION**

75.     After Defendants have completed the requirements of Section V (Compliance Requirements), Section VI (Reporting Requirements), and have complied with all other requirements of this Consent Judgment, and have paid the civil penalty and any accrued stipulated penalties as required by this Judgment, Defendants may serve upon the United States a Request for Termination of the Consent Judgment.  In that Request, Defendants must state that they have satisfied all requirements of the Judgment, and provide necessary supporting documentation.

76.     Following receipt by the United States of Defendants' Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendants have satisfactorily complied with the requirements for termination of this Consent Judgment.  If the United States agrees that the Judgment may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Judgment.

77.     If the United States does not agree that the Judgment may be terminated, Defendants may invoke Dispute Resolution under Section IX.  However, Defendants shall not seek Dispute Resolution under Section IX of any dispute regarding termination, until 60 days after service of their Request for Termination.

## XVIII.  PUBLIC PARTICIPATION

78.     This Judgment shall be lodged with the Court for a period of not less than thirty

(30) Days for public notice and comment in accordance with 28 C.F.R. Section 50.7.  The United

States reserves the right to withdraw or withhold its consent if the comments regarding the

Judgment disclose facts or considerations indicating that the Judgment is inappropriate,

improper, or inadequate.  Defendant consents to entry of this Judgment without further notice

and agrees not to withdraw from or oppose entry of this Judgment by the Court or to challenge

any provision of the Judgment, unless the United States has notified Defendant in writing that it

no longer supports entry of the Judgment.

## XIX.   SIGNATORIES/SERVICE

79.     Each undersigned representative of Defendants and the Assistant Attorney

General for the Environment and Natural Resources Division of the Department of Justice

certifies that he or she is fully authorized to enter into the terms and conditions of this Consent

Judgment and to execute and legally bind the Party he or she represents to this document.

80.     This Consent Judgment may be signed in counterparts, and its validity shall not be

challenged on that basis.  Defendants agree to accept service of process by mail with respect to

all matters arising under or relating to this Judgment and to waive the formal service

requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any

applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX.   <u>INTEGRATION</u>

81.    This Consent Judgment constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Judgment and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Judgment or the settlement it represents, nor shall it be used in construing the terms of this Judgment.

## XXI.   <u>FINAL JUDGMENT</u>

82.    Upon approval and entry of this Consent Judgment by the Court, this Judgment shall constitute a final judgment of the Court as to the United States and Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rule of Civil Procedure 54 and 58.

## XXII.   <u>APPENDICES</u>

83.    The following appendices are attached to and part of this Judgment:

- "Appendix A" is the list of All Facilities Subject to the Consent Judgment

Dated and entered this ___ day of _____, 2016.

_____
The Honorable Joseph F. Bianco
UNITED STATES DISTRICT JUDGE
Eastern District of New York

FOR PLAINTIFF UNITED STATES OF AMERICA:


7/22/16
Date

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice


ROBERT L. CAPERS
United States Attorney
Eastern District of New York
Attorney for Plaintiff
610 Federal Plaza, 5th Floor
Central Islip, New York 11722
(631) 715-7833


KENNETH M. ABELL
Assistant U.S. Attorney
(631) 715-7833

33

FOR U.S. ENVIRONMENTAL PROTECTION AGENCY:

_____
ERIC SCHAAF
Regional Counsel, US EPA Region 2


_____
KAREN TAYLOR
Assistant Regional Counsel
US EPA Region 2
290 Broadway
New York, NY 10007
(212) 637-3637

34

FOR DEFENDANTS:
RACHELANN YETIM,
BLACK REALTY, INC.,
FAST GASOLINE STATION, INC.,
TAG GASOLINE, INC.,
NGRV REALTY CO., INC.,
VENUS BUKEY REALTY, INC.

Jonathan Sinnreich
Sinnreich Kosakoff & Messina LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
631-650-1200
Fax: 631-650-1207
jsinnreich@skmlaw.net

Rachelann Yetim

## **APPENDIX A**

## **ALL FACILITIES SUBJECT TO THE CONSENT JUDGMENT**

For purposes of the Judgment, "Facility" or "Facilities" shall mean the retail gasoline service stations containing USTs, individually or collectively, owned and/or operated by Defendants and located in the United States.  Defendant agrees that each Facility identified below is subject to the terms of this Consent Judgment.

### **United States**

| | **PHYSICAL ADDRESS** | **MUNICIPALITY** |
|---|---|---|
| 1 | 653 Hempstead Turnpike | Elmont, New York |
| 2 | 725 Wyandanch Ave. | North Babylon, New York |
| 3 | 4305 Austin Blvd. | Island Park, New York |